# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELVIN PERRY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | |
| PEDIATRIX MEDICAL GROUP OF GEORGIA & MEDNAX SERVICES, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Melvin Perry, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint and files suit against Defendants, Pediatrix Medical Group Of Georgia and Mednax Services, showing the court as follows:

### I. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and III of this Complaint, which arise out of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and IV of this Complaint, which arise out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981").

3. Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Atlanta Division of the Northern District of Georgia.

4. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Cobb County, Georgia.

6. Defendant Pediatrix Medical Group of Georgia is a corporation registered to conduct business in the State of Georgia.

7. Defendant Pediatrix Medical Group of Georgia is a subsidiary of Defendant Mednax Services.

8. Defendant Mednax Services is a corporation registered to conduct business in the State of Georgia.

9. In all relevant respects, Defendants are joint employers.

10. Defendant Pediatrix Medical Group of Georgia may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System located at 289 S. Culver St., Lawrenceville, Georgia 30046.

11. Defendant Mednax Services may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System located at 289 S. Culver St., Lawrenceville, Georgia 30046.

12. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

13. Plaintiff is African-American.

14. Plaintiff is a medical doctor licensed in the state of Georgia.

15. Plaintiff is board certified in pediatrics and pediatric critical care medicine.

16. Plaintiff has over twenty (20) years of Pediatric Critical Care experience.

17. Plaintiff has no negative reports on his medical license.

18. Plaintiff has no negative National Practitioner Data Bank ("NPDB") entries.

19. From April 18, 2013, to June 25, 2013, Plaintiff was employed with Pokroy Medical Group of Nevada, d/b/a Pediatrix Medical Group of Nevada.

20. Pokroy Medical Group of Nevada, d/b/a Pediatrix Medical Group of Nevada is a subsidiary of Defendant Mednax Services.

21. Plaintiff was employed by Pediatrix Medical Group of Nevada/Defendant Mednax Services through an April 18, 2013, Independent Contractor Agreement.

22. Plaintiff was informed that his contract was terminated by Defendant Mednax Services without cause effective June 25, 2013.

23. Plaintiff had no disciplinary actions or other corrective action suggesting poor performance.

24. During his contract with Defendant Mednax Services, Plaintiff filed a race discrimination complaint with the Nevada Board of Pharmacy against a Pharmacist working for Defendant Mednax Services and Pediatrix Medical Group of Nevada.

25. Plaintiff had no further contact with Pediatrix or Mednax Services until 2017.

26. On July 4, 2017, Plaintiff applied for a position as a Scottish Rite Pediatric Intensive Care Physician/Pediatric Intensivist with Defendants.

27. Plaintiff emailed Defendants' Recruiter Ms. Kathleen Schlemmer with his curriculum vitae and interest in the position.

28. On July 6, 2017, Plaintiff was contacted via email by Ms. Schlemmer.

29. Plaintiff was told by Ms. Schlemmer to reapply on the Defendants' website.

30. Approximately one hour later, Plaintiff received another email from Ms. Schlemmer.

31. This email indicated that Plaintiff would not receive an interview.

32. Plaintiff sent a reply email, asking for details and why an interview was being denied.

33. Plaintiff completed the application through the link provided on July 6, 2017, using an alias name and contact information.

34. Plaintiff was informed via email on July 7, 2017, that the company was proceeding with other candidates.

35. On July 10, 2017, Plaintiff noted the position was showing as not filled on the website.

36. On July 11, 2017, Plaintiff received a voicemail from Ms. Schlemmer for his alias.

37. The July 11, 2017, voicemail from Ms. Schlemmer stated that she wished to discuss the position with Plaintiff's alias.

38. On July 14, 2017, Plaintiff asked three non-caucasian colleagues to apply for the position.

39. Plaintiff's colleagues, Dr. Wilfredo Vegara (Latino), Dr. Roberto Johansson (Latino), and Dr. Humam Alosh (Arab), applied for the position.

40. Defendants declined to interview Dr. Vegara.

41. Defendants declined to interview Dr. Alosh

42. Defendants declined to interview Dr. Johansson.

43. On July 18, 2017, the position was showing as not filled on the website.

44. On July 18, 2017, Plaintiff again applied for the position, directing his application to an alternate contact with the company, Ms. Robin Kent.

45. Plaintiff's curriculum vitae was forwarded to Ms. Schlemmer.

46. Plaintiff was informed by Ms. Schlemmer that the position was filled.

47. Plaintiff was not selected for the position.

48. Upon information and belief, the position was filled by a Caucasian female.

49. That Caucasian female has eight (8) years less experience than Plaintiff.

50. Upon information and belief, Defendants employ no African-American medical doctors.

51. Plaintiff filed a claim with the Equal Employment Opportunity Commission on July 27, 2017, Charge Number 410-2017-05234.

52. Plaintiff received his Notice of Right to Sue on May 15, 2018.

## IV.  CLAIMS FOR RELIEF

### Count I:  Race Discrimination Under Title VII

53. Plaintiff reasserts and incorporates Paragraphs 1 through [52] of this Complaint as if fully set forth herein.

54. Plaintiff is a member of a protected class by virtue of his race. *Para. 13.*

55. Plaintiff was qualified for the position at issue. *Paras 14-18.*

56. Plaintiff suffered the adverse action of non-selection. *Para. 47.*

57. Defendants' denial to interview other non-caucasian applicants demonstrates discriminatory animus. *Paras. 38-42.*

58. Defendants' selection of a caucasian applicant with less experience than Plaintiff demonstrates discriminatory animus. *Paras. 48-59.*

59. Defendants' non-employment of African-American medical doctors demonstrates discriminatory animus. *Para. 50.*

### Count II:  Race Discrimination Under Section 1981

60. Plaintiff reasserts and incorporates Paragraphs 1 through [59] of this Complaint as if fully set forth herein.

61. Plaintiff is a member of a protected class by virtue of his race. *Para 13.*

62. Plaintiff was qualified for the position at issue.  *Paras 14-18.*

63.  Plaintiff suffered the adverse action of non-selection. *Para. 47.*

64.  Defendants' denial to interview other non-caucasian applicants demonstrates discriminatory animus. *Paras. 38-42.*

65.  Defendants' selection of a caucasian applicant with less experience than Plaintiff demonstrates discriminatory animus. *Paras. 48-59.*

66.  Defendants' non-employment of African-American medical doctors demonstrates discriminatory animus. *Para. 50.*

### Count III:  Retaliation Under Title VII

67.  Plaintiff reasserts and incorporates Paragraphs 1 through [66] of this Complaint as if fully set forth herein.

68.  Plaintiff's race discrimination complaint constitutes a protected activity under Title VII. *Para 24.*

69.  Plaintiff's non-selection constitutes an adverse action under Title VII. *Para. 47.*

70.  Defendants' non-selection of Plaintiff after he resumed contact through his job application shows causation. *Paras. 25-26.*

### Count IV:  Retaliation Under Section 1981

71.  Plaintiff reasserts and incorporates Paragraphs 1 through [70] of this

Complaint as if fully set forth herein.

72. Plaintiff's race discrimination complaint constitutes a protected activity under Section 1981. *Para 24.*

73. Plaintiff non-selection constitutes an adverse action under Section 1981. *Para. 47.*

74. Defendants' non-selection of Plaintiff after he resumed contact through his job application shows causation. *Paras. 25-26.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages; and

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Date: July 31, 2018.

        Respectfully submitted,

        THE KIRBY G. SMITH LAW FIRM, LLC

        <u>s/Amanda M. Brookhuis</u>
        Amanda Brookhuis
        Georgia Bar No. 601396
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 31st of July, 2018.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Amanda M. Brookhuis
                                        Amanda Brookhuis
                                        Georgia Bar No. 601396
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 31st of July, 2018.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Amanda M. Brookhuis
                                        Amanda Brookhuis
                                        Georgia Bar No. 601396
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com